ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| ROLANDO BARREIRO VÁZQUEZ<br><br>Peticionario<br><br>V.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS<br><br>Recurridos | TA2025CE00755 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Caso Núm.:<br>GM2023CV00047<br><br>Sobre:<br>*Mandamus* |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 8 de diciembre de 2025.

Comparece ante nos, *in forma pauperis*[1] y por derecho propio, el señor Rolando Barreiro Vázquez (señor Barreiro Vázquez o peticionario) y solicita la revisión de una *Resolución Interlocutoria* emitida y notificada el 5 de agosto de 2025 por el Tribunal de Primera Instancia, Sala Superior de Guayama (TPI).[2] En dicho dictamen, el foro primario relevó a su representante legal al entender que, por reclamar una compensación económica por daños y perjuicios, no tenía derecho a abogado de oficio y le concedió treinta (30) días para anunciar una nueva representación legal.

Además, el peticionario solicitó la revisión de una *Orden* del 10 de octubre de 2025,[3] en la que el TPI le impuso una sanción de cien dólares ($100.00) por no cumplir con lo ordenado previamente y anunciar su representación legal.

---

[1] El señor Barreiro Vázquez, quien se encuentra bajo la custodia del Departamento de Corrección y Rehabilitación (DCR), acompañó con su recurso una *Solicitud y declaración para que se exima de pago de arancel por razón de indigencia* debidamente cumplimentada. Considerado el contenido de la misma, se le autoriza a litigar *in forma pauperis*.
[2] Entrada Núm. 84 del caso GM2023CV00047 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[3] *Íd.*, Entrada Núm. 89 en SUMAC. Notificada el 10 de octubre de 2025.

Por los fundamentos que se exponen a continuación, se deniega la expedición del auto de *certiorari*.

**I.**

Este caso se originó el 23 de enero de 2023, cuando el señor Barreiro Vázquez presentó una *Demanda* por daños y perjuicios y por violación de derechos civiles y constitucionales contra los doctores Adrián Acevedo, José Soto, Joezer Lugo Ranal, Robert Muns Sosa, Edna Franceschi Jusino, la señora Brendaly Saldaña Torres y Physician Correctional (recurridos).[4] En la misma solicitó una compensación económica no menor de $35,000.00 contra cada demandado y $50,000.00 contra Physician Correctional.

El 7 de febrero de 2023, el foro inferior asignó al licenciado Edgar Pérez Durán como abogado de oficio del peticionario.[5]

Eventualmente, el 10 de junio de 2024, el señor Barreiro Vázquez enmendó la *Demanda* para incorporar al Estado Libre Asociado de Puerto Rico (ELA) y al DCR como parte demandada y solicitar una indemnización de $400,000.00 por los daños alegados.[6]

Tras varios trámites procesales, el 5 de agosto de 2025 el TPI emitió una *Resolución interlocutoria,* mediante la cual determinó que el peticionario no cualificaba para la representación legal de oficio, debido a que reclamó una compensación económica por daños y perjuicios.[7] Ante ello, relevó al licenciado Pérez Durán de su representación y le concedió al señor Barreiro Vázquez un término de treinta (30) días para anunciar nueva representación legal.

Posteriormente, el 26 de agosto de 2025, el TPI emitió y notificó una *Orden* en la que expuso que el señor Barreiro Vázquez tenía veinte (20) días para cumplir con la *Resolución interlocutoria.*[8]

---

[4] *Íd.*, Entrada Núm. 1 en SUMAC.
[5] *Íd.*, Entrada Núm. 16 en SUMAC. Notificada el 8 de febrero de 2023.
[6] *Íd.*, Entrada Núm. 54 en SUMAC.
[7] *Íd.*, Entrada Núm. 84 en SUMAC. Notificada el 5 de agosto de 2025.
[8] *Íd.*, Entrada Núm. 86 en SUMAC.

El 19 de septiembre de 2025, el peticionario presentó una moción titulada *Contestando en desacuerdo de la Resolución*.[9] En esta, adujo que el 22 de agosto de 2025 recibió la *Resolución interlocutoria* y sostuvo que no procedía relevar a su abogado de oficio por reclamar compensación económica. Además, solicitó una prórroga de cuarenta y cinco (45) días para obtener representación legal. En su defecto, peticionó que, de la *Resolución* advenir final y firme, se le permitiera comparecer por derecho propio.

El 6 de octubre de 2025, el señor Barreiro Vázquez presentó una *Moción solicitando asumir mi propia representación legal*.[10] Indicó que le fue imposible obtener un nuevo abogado, por lo que peticionó, entre otros, autorización para representarse por sí mismo.

El 10 de octubre de 2025, el TPI emitió y notificó una *Orden* en la que le impuso al peticionario una sanción de cien dólares ($100.00) por incumplir con la *Resolución interlocutoria* y le concedió treinta (30) días finales para pagar la sanción y comparecer mediante abogado, bajo apercibimiento de desestimación de la *Demanda*.[11]

Inconforme, el 3 de noviembre de 2025, el señor Barreiro Vázquez presentó este recurso de *certiorari*, en el que planteó:

> PRIMER ERROR: VUESTRO HON. ESTAMOS SEGUROS QUE EL PRIMER ERROR QUE COMETI[Ó] EL HON. JUEZ Y ESTE HON. TPI FUE PEDIRNOS, SOLICITARNOS Y ORDENARNOS QUE BUSC[Á]RAMOS NUESTRO PROPIA DEFENSA LEGAL, PUES RETIRABAN LA QUE TENÍAMOS POR CONDUCTO DEL GOBIERNO[.]
>
> SEGUNDO ERROR: SANCIONAR A UNA PERSONA[,] EN ESTE CASO AL SR. BARREIRO[,] SABIENDO SU ESTADO DE INDIGENCIA[.]
>
> TERCER ERROR: NO CONTESTAR NI ENVIAR COPIAS DE LAS CARTAS AL SR. BARREIRO "CARTAS ESCRITOS POR EL SR. BARREIRO" AL TPI.
>
> CUARTO ERROR: NO TOMAR EN CUENTA LA SERIEDAD [DE ESTA] DEMANDA Y DE LOS PROBLEMAS QUE PUEDE CONFRONTAR EL SR. BARREIRO CON LA [DILACIÓN Y] PROLONGAR EL MISMO, REFERENTE A SU SALUD FÍSICA COMO TAMBIÉN EMOCIONAL.

---

[9] *Íd.*, Entrada Núm. 87 en SUMAC.
[10] *Íd.*, Entrada Núm. 88 en SUMAC.
[11] *Íd.*, Entrada Núm. 89 en SUMAC.

En esencia, señaló que el TPI erró al relevar a su abogado, ya que carecía de recursos para contratar representación legal. Indicó que había solicitado asistencia a varias entidades públicas y privadas que ofrecen servicios legales gratuitos, las cuales le negaron la ayuda o no le respondieron. También, argumentó que la sanción impuesta era improcedente por su condición de indigencia.

El 24 de noviembre de 2025, los recurridos comparecieron y sostuvieron que el *Reglamento para la asignación de abogados y abogadas de oficio de Puerto Rico,* aprobado el 12 de octubre de 2018, ER-2018-04, según enmendado, no contemplaba las acciones de daños y perjuicios presentadas por personas indigentes y que excluía aquellas en las que podrían obtenerse honorarios contingentes.

El 1 de diciembre de 2025, el ELA, por conducto de la Oficina del Procurador General de Puerto Rico (OPG), presentó su alegato. En síntesis, solicitó la denegación del auto de *certiorari* al entender que el TPI actuó razonablemente al emitir las determinaciones recurridas relacionadas al manejo del caso. Sostuvo que el señor Barreiro Vázquez no demostró que tales dictámenes causaron un fracaso a la justicia. Además, indicó que el tribunal de instancia actuó correctamente al concluir que no procedía la designación de un abogado de oficio en un caso de daños y perjuicios, ya que por la naturaleza del caso la representación legal del peticionario podría recibir una compensación mediante honorarios contingentes. En cuanto a la sanción económica, señaló que alegar indigencia era insuficiente para demostrar que el foro recurrido abusó de discreción.

## II.

### A. *Certiorari*

El *certiorari* es un vehículo procesal extraordinario que permite que un tribunal de mayor jerarquía revise decisiones de un foro inferior. *Rivera et al., v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *McNeill Healthcare LLC v. Municipio De Las Piedras,* 206 DPR

391, 404 (2021); *Medina Nazario v. McNeill Healthcare LLC*, 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). La expedición del auto es discrecional, por tratarse ordinariamente de asuntos interlocutorios. *Íd.*

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita taxativamente las instancias en que procede expedir el auto de *certiorari* en asuntos interlocutorios civiles. *McNeill Healthcare LLC v. Municipio De Las Piedras, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation, et als.*, 202 DPR 478 (2019). Así, procede revisar resoluciones u órdenes bajo las Reglas 56 y 57 de Procedimiento Civil, *supra*, o la denegación de mociones dispositivas. Como excepción, se pueden revisar asuntos sobre la admisibilidad de testigos de hechos o peritos esenciales, privilegios evidenciarios, rebeldía, relaciones de familia, interés público u otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia. *Íd.* Si el asunto interlocutorio no se encuentra dentro de estas instancias, el Tribunal carece de autoridad para intervenir.

Por otro lado, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025), R. 40, dispone los criterios que orientan el ejercicio de nuestra facultad discrecional para atender una petición de *certiorari*, al considerar:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Cuando se deniega la expedición del auto de *certiorari,* no es necesario exponer las razones de dicha determinación. *IG Builders et al. v. BBVAPR, supra,* pág. 336. En tal caso, este Tribunal no asume jurisdicción sobre el asunto ni lo resuelve en sus méritos. *McNeill Healthcare LLC v. Municipio De Las Piedras, supra,* pág. 405.

### B. Asignación de abogados y abogadas de oficio

El *Reglamento para la asignación de abogados y abogadas de oficio de Puerto Rico, supra,* se interpreta de modo que facilite el acceso a los tribunales mediante representación legal gratuita a personas con escasos recursos. Regla 2 del Reglamento, *supra.* Su propósito es establecer un sistema uniforme para la administración de asignaciones de oficio, fomentar el trabajo *pro bono* y viabilizar el cumplimiento de la responsabilidad ética de brindar servicios gratuitos a personas indigentes. *Íd.*

La Regla 5 (b) del *Reglamento para la asignación de abogados y abogadas de oficio de Puerto Rico, supra,* dispone las causas civiles en las que se reconoce el derecho a la representación de oficio, siendo:

(1) Sección 11 de la Ley de la Administración de Servicios de Salud Mental y Contra la Adicción, Ley Núm. 67-1993, según enmendada, 3 LPRA sec. 402j;

(2) Artículos 3.06, 4.19 y 8.22 de la Ley de Salud Mental de Puerto Rico, Ley Núm. 408-2000, según enmendada, 24 LPRA secs. 6154e, 6155r y 6159u;

(3) Artículos 4 y 21 de la Carta de Derechos y la Política Pública del Gobierno a Favor de los Adultos Mayores, Ley Núm. 121-2019.

(4) Artículo 3 de la Carta de Derechos de las Víctimas y Testigos de Delito, Ley Núm. 22-1988, según enmendada, 25 LPRA sec. 973b;

(5) Artículo 5 de la Carta de Derechos de las Personas Viviendo con VIH, Ley Núm. 248-2018, 1 LPRA sec. 528d;

(6) Designación de incapacidad y nombramiento de tutor, sujeto a la inexistencia de bienes que denoten falta de indigencia;

(7) Desahucio, cuando la parte demandada es inquilina que recibe beneficios públicos bajo programas de vivienda pública u otros análogos;

(8) Desahucio en precario;

(9) Ejecución de hipoteca;

(10) *Habeas corpus;*

(11) Privación de patria potestad, o

(12) Remoción o entrega voluntaria de menores

Como excepción, el tribunal puede asignar representación de oficio en procedimientos judiciales no expresamente incluidos si considera que favorece la sana administración del sistema judicial y la equidad procesal. Regla 5 (c) del *Reglamento para la asignación de abogados y abogadas de oficio de Puerto Rico, supra,* R. 5 (c). Para ello, debe evaluar distintos factores y requerir que la persona indigente acredite que gestionó representación legal en entidades que ofrecen servicios gratuitos y que se le denegó. Ahora bien, la asignación de oficio no se extiende a procedimientos en los que el abogado o la abogada pueda recibir compensación por honorarios contingentes u otra forma. *Íd.*

### C. Manejo de caso

El efectivo funcionamiento del sistema judicial y la eficiente disposición de los asuntos litigiosos requieren que el tribunal de instancia goce de gran discreción para manejar los casos de forma justa, rápida y económica. *BRRP v. SLG Gómez López,* 213 DPR 314 (2023); *In re Collazo I,* 159 DPR 141 (2003). El foro primario posee autoridad para dirigir los asuntos litigiosos según su buen juicio, puesto que conoce las particularidades del caso y está en mejor posición de adoptar las medidas que tracen el curso del litigio hasta su disposición final. *Íd.*; *Mejías Montalvo v. Carrasquillo Martínez,* 185 DPR 288 (2012). En tal ejercicio, el tribunal posee amplia discreción de castigar a una parte que perjudique los procedimientos mediante la imposición de sanciones. *Rivera Rivera v. Insular Wire Products,* 140 DPR 912 (1996).

La Regla 37 de Procedimiento Civil, *supra,* R. 37, rige los aspectos relacionados al manejo del caso sin necesidad de intervención de este foro apelativo. *In re Collazo I, supra,* pág. 151. En

particular, la Regla 37.7 de Procedimiento Civil, *supra*, R. 37.7, dispone lo concerniente a la imposición de sanciones económicas por incumplimiento con las órdenes y los señalamientos relacionados con el manejo del caso, cuando no medie justa causa. *Rivera et al., v. Arcos Dorados et al., supra*. Dicha disposición establece: "Si una parte o su abogado o abogada incumple con los términos y señalamientos de esta Regla, o incumple cualquier orden del tribunal para el manejo del caso sin que medie justa causa, el tribunal impondrá a la parte o su abogado o abogada la sanción económica que corresponda. […]"

La imposición de sanciones descansa en la discreción del tribunal y será respetada en apelación, salvo que medie abuso de discreción, prejuicio o parcialidad, error en la aplicación del derecho o cuando la intervención evitaría un perjuicio sustancial. *Rivera y otros v. Bco. Popular*, 117 DPR 729 (1986); J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, Puerto Rico, Publicaciones JTS, 2011, T. III, págs. 1118-1121.

### III.

En el presente caso, el señor Barreiro Vázquez sostuvo que el TPI erró al relevar a su abogado de oficio en un caso en el que peticionó compensación económica por daños y perjuicios. A su vez, planteó como error la imposición de la sanción económica de cien dólares ($100.00).

Tras una evaluación exhaustiva del expediente del caso, no se configuró criterio alguno que justificara que ejerzamos nuestra facultad jurisdiccional de expedir el auto de *certiorari* y resolver el recurso en sus méritos, a tenor con la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 del Reglamento de este Tribunal, *supra*.

De los autos no se refleja que el TPI haya incurrido en error craso, arbitrariedad o abuso de discreción al resolver que, al tratarse de un caso en el que la representación legal del peticionario podría generar compensación mediante honorario de abogado, no tenía

derecho a la asignación del abogado de oficio. Además, no concebimos que la sanción económica impuesta por incumplimiento con las órdenes del tribunal constituyera un ejercicio irrazonable o desproporcionado de la discreción judicial que le reconoce la Regla 37.7 de Procedimiento Civil, *supra*, R. 37.7.

En general, el señor Barreiro Vázquez no demostró existencia de prejuicio, parcialidad o error manifiesto por parte del foro recurrido. Tampoco se presentó un escenario en el que la intervención inmediata de este Tribunal evitaría un fracaso de la justicia. Por ello, procede denegar la expedición del auto de *certiorari.*

**IV.**

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari.*

Se ordena al DCR entregar copia del presente dictamen al señor Barreiro Vázquez en cualquier institución donde esté recluido.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones